1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  RAYMOND GEORGE GLASS,                CASE NO.    1:09-cv-01245-MJS (PC)

11              Plaintiff,               COMPLAINT DISMISSED WITH LEAVE TO
                                         AMEND
12      v.
13                                       (ECF No. 3)
    J. WHITE,
14                                       SECOND AMENDED COMPLAINT DUE
               Defendants.               WITHIN THIRTY DAYS
15

16  _____/

17

18                          **SCREENING ORDER**

19  **I.    PROCEDURAL HISTORY**

20      Plaintiff Raymond George Glass ("Plaintiff") is an inmate in the custody of the

21  California Department of Corrections and Rehabilitation ("CDCR") and is proceeding pro

22  se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff

23  originally filed this action on July 9, 2009 with a pleading titled "Letter of Request for

24  Removal to Federal Court Under 28 U.S.CA § 1441(D) By A 'Foreign State'".  (ECF No. 1.)

25

26  He has since filed another document entitled "Addendum to Letter of Request for Removal

27

to Federal Court Under 28 U.S.CA § 1441(D) By a 'Foreign State'" on July 24, 2009.  (ECF No. 3.)  The Court treats Plaintiff's "Requests" as Complaints.

Plaintiff consented to Magistrate Judge jurisdiction on  August 3, 2009.  (ECF No. 4.)  No other parties have appeared in this action.

The Addendum to Letter of Request is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff's pleading  fails to state a claim upon which relief may be granted.

## II.    SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.    SUMMARY OF COMPLAINT

From Plaintiff's filings, it appears he is complaining about a prison disciplinary board hearing.  However, it is extremely difficult to discern  precisely what he is claiming, who the defendants are, and what relief Plaintiff seeks.  (If Plaintiff elects  to file an Amended Complaint, he will benefit his cause by describing in detail the disciplinary hearing at issue and only facts pertinent to it.  It is not necessary for him to discuss his status as a Third Party Intervenor[1] nor include attachments regarding it, unless relevant to some wrong alleged in connection with the disciplinary hearing.)

In his Addendum, Plaintiff alleges the following: On July 17, 2009, he was brought before a prison disciplinary board for a hearing.  The hearing was held before numerous officers including Defendant White.   The Hearing Lieutenant refused to accept any documentation from Plaintiff and would not allow him to present a defense because he would not disclose his reading level.  Plaintiff was removed from the hearing prior to its commencement.  All other attendees remained.

The Court is not able to determine what relief Plaintiff seeks other than to be heard in federal court.

## IV.    ANALYSIS

The Civil Rights Act under which this action was filed provides:

---

[1] Plaintiff alleges that he is the Third Party Intervenor and also the lawful Secured Party/Creditor, Holder-In-Due-Course, and Record Owner of all information regarding himself. Because of this, he concludes that he is not required to disclose any information to anyone. If, however,  he wants this case to go forward, he must allege sufficient facts to identify a claim upon which relief may be granted.

3

1
2
3
4

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

5
6
7
8

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

9

### A.   Due Process

10
11
12
13
14
15
16
17
18
19
20

Plaintiff apparently alleges that he did not receive a fair hearing before the disciplinary board.  The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).   "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995).   Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

21
22
23
24
25
26
27

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff, 418 U.S. at 556.   With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that

4

the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71.  As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

"When prison officials limit a prisoner's right to defend himself they must have a legitimate penological interest." Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense).  The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." Ponte v. Real, 471 U.S. 491, 495 (1985); see also Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996); Koenig, 971 F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir. 1987) (per curiam).

"[T]he requirements of due process are satisfied if 'some evidence' supports the decision of the hearing officer or the prison disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455 (1985); see also Touissaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989); Jancsek, III v. Oregon bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987); see especially Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt it may be unnecessary to demonstrate existence

5

of liberty interest.).  This standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . ."  Hill, 472 U.S. at 455-56.

Plaintiff alleges that he was not allowed to call witnesses or present a defense, and ultimately, that he was not allowed to be present while the hearing proceeded.  He provided no other facts relating to the hearing.  He does not describe the purpose of the hearing, the allegations if any against him giving rise to it, why he was not allowed to present a defense or call witnesses, what (other than his refusal to participate in it by disclosing  his reading level) precipitated his removal from it, or the outcome of it.  He does not attribute this conduct to a named Defendant, nor does he ask for any relief, other than to be heard in federal court.  Plaintiff's allegations, without more, are insufficient to support a claim of denial of procedural due process.

The Court will grant Plaintiff leave to amend this claim.

**B.    Relief Requests**

It appears to the Court that Plaintiff might be requesting either a preliminary or permanent injunction.  If this is the case, Plaintiff must keep in mind that injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."  Winter v. Natural Res. Defense Council, 129 S.Ct. 365, 376 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter,

129 S.Ct. at 374).  The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success.  See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n. 12 (1987).  However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor.  Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).  Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff."  Committee of Central American Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (quoting Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984)).

If in fact, Plaintiff is seeking a mandatory preliminary injunction, he has not met the legal standard.  He has not demonstrated that he will succeed on the merits nor has he demonstrated, or even alleged, that he will suffer irreparable harm in the absence of an injunction.  Thus, any request for a preliminary injunction is denied.

If Plaintiff is requesting a declaratory judgment that Defendants violated his

constitutional rights, he must note the following.  With regard to declaratory relief, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated.  A declaration that Defendants violated Plaintiff's rights is unnecessary.

### C.    Personal Participation By Defendants

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  Iqbal, 129 S.Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  Id. at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are

1   not subject to vicarious liability, but are liable only for their own conduct.  Jeffers v. Gomez,

2   267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal.

3   2004).   In order to establish liability against a supervisor, a plaintiff must allege facts

4

5   demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient

6   causal connection between the supervisor's wrongful conduct and the constitutional

7   violation.  Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892.  The sufficient causal

8   connection may be shown by evidence that the supervisor implemented a policy so

9   deficient that the policy itself is a repudiation of constitutional rights.   Wesley, 333

10  F.Supp.2d at 892 (internal quotations omitted).  However, an individual's general

11  responsibility for supervising the operations of a prison is insufficient to establish personal

12  involvement.  Id. (internal quotations omitted).

13

14          Supervisor liability under Section 1983 is a form of direct liability.   Munoz v.

15  Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002).  Under direct liability, Plaintiff must

16  show that each particular defendant breached a duty to him and that such breach was the

17  proximate cause of his injury.  Id.  "'The requisite causal connection can be established

18  . . . by setting in motion a series of acts by others which the actor knows or reasonably

19  should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson

20

21  v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).

22          Plaintiff fails to establish a casual connection between Defendant White and the

23  deprivation of his constitutional rights.  In his Addendum, Plaintiff makes no allegations

24  against Defendant White other than that he was present at the hearing.  Plaintiff also

25  makes the statement that Defendant White needs to be stopped from destroying a lawful

26

27  commercial instrument, but he fails to allege how this violated his rights or what was

1   destroyed.  Thus, the Court will grant Plaintiff leave to amend this claim to add Defendants

2   if appropriate and describe their conduct that violated his rights during the disciplinary

3   hearing.

4

5   **V.       CONCLUSION AND ORDER**

6         The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon

7   which relief may be granted.   The Court will provide Plaintiff time to file an amended

8   complaint to address the other potentially correctable deficiencies noted above.  See Noll

9   v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff

10  must demonstrate that the alleged incident or incidents resulted in a deprivation of his

11  constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual

12  matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting

13  Twombly, 550 U.S. at 555).   Plaintiff must also demonstrate that each Defendant

14  personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

15

16        Plaintiff should note that although he has been given the opportunity to amend, it

17  is not for the purposes of adding new claims.  Plaintiff should focus the amended complaint

18  on claims and Defendants only relating to issues arising in relation to the disciplinary

19  hearing on July 17, 2009.

20

21        Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

22  be complete in itself without reference to any prior pleading.  As a general rule, an

23  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55,

24  57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer

25  serves any function in the case.  Therefore, in an amended complaint, as in an original

26

27

10

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "Second Amended Complaint,"

refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:09-cv-1245-MJS (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:     December 9, 2010                    /s/ *Michael J. Seng*

ci4d6                                         UNITED STATES MAGISTRATE JUDGE

11