UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GEORGE GLASS, | CASE NO.   1:09-cv-01245-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |
| v. | |
| J. WHITE, | (ECF No. 11) |
| Defendants. | CLERK TO CLOSE CASE |

**ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Raymond George Glass ("Plaintiff") is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff originally filed this action on July 9, 2009 with a pleading titled "Letter of Request for Removal to Federal Court Under 28 U.S.CA § 1441(D) By A 'Foreign State'". (ECF No. 1.) He then filed an amendment entitled "Addendum to Letter of Request for Removal to


Federal Court Under 28 U.S.CA § 1441(D) By a 'Foreign State'" on July 24, 2009. (ECF No. 3.) Plaintiff's consent to Magistrate Judge jurisdiction was filed August 3, 2009. (ECF No. 4.) No other parties have appeared in this action.

The Court treated the Addendum to Letter of Request as a complaint and dismissed it with leave to amend on the ground that it failed to state a claim. (ECF No. 10.) Plaintiff has since filed a Second Amended Complaint which is now before the Court for screening. (ECF No. 11.)

For the reasons set forth below, the Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

## II.     **SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

2

(2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

### III.    SUMMARY OF COMPLAINT

Plaintiff claims that he was victim of a battery, unlawful assault, and conspiracy and that his right to due process was violated.  Plaintiff names the following individuals as Defendants: J. White, Acting Captain; D. Ledbetter, Correctional Sergeant; J. R. Haro, Correctional Counselor; and all other correctional personnel present at the classification hearing.  All named Defendants were employed at Kern Valley State Prison ("KVSP") at the time of the incidents.

Plaintiff alleges the following:

On March 26, 2009, Plaintiff was summoned to a classification hearing where all Defendants were present.  White asked for Plaintiff's identification card and began tearing off stickers Plaintiff had placed on the card, claiming that the stickers were covering Plaintiff's face and name.  Plaintiff reached across the table and plucked the card from White's grasp.  White then yelled at Plaintiff to give the card back to him and again began tearing stickers off.  Defendant Ledbetter then yelled at Plaintiff.  Defendant Haro filed a report about the incident which led Plaintiff to be sent to the secured housing unit.

On July 17, 2009, Plaintiff was brought before the KVSP disciplinary board for a hearing.  Plaintiff was not allowed to present any documentary evidence to prove that CDCR did not have jurisdiction over him due to his status as a foreign state.  Plaintiff refused to take a reading test.  Plaintiff was removed from the hearing prior to its

3

commencement. All other attendees remained including Defendant White.

Plaintiff seeks monetary damages and injunctive relief.

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. Destruction of Property

Plaintiff alleges that his prisoner identification card was damaged by Defendant White.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff, 418 U.S. at 556, and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, Hudson v. Palmer, 468 U.S. 517, 532 n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available,"

4

Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 123 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 90 P.3d at 123; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff claim doses not include proof of compliance with the California Tort Claims Act. Without same, he has not allege facts sufficient to find a violation of his due process rights.

More to the point and ultimately dispositive of this claim is the obvious inability of Plaintiff to show a constitutional violation in the acts alleged. No one could reasonably deny that the prison has a valid penological purpose in ensuring identification cards are left unobstructed so that prisoner identity can readily be checked and confirmed. Accordingly, the Court finds that plaintiff has not and cannot state a constitutional violation in this regard. Amendment of this claim would be futile.

**B.     Conspiracy**

5

Plaintiff alleges that Defendant Haro is somehow involved in a conspiracy to lie about the incident of March 2009.[1] Plaintiff states that Defendant Haro was sitting next to Defendant White when Plaintiff took back his identification card. Plaintiff further states that Haro could clearly see that Plaintiff did not make any physical contact with White. Plaintiff claims that Haro's report of the incident was not true. Haro's incident report is one of several attached to Plaintiff's Second Amended Complaint as Exhibit D. (ECF No. 11, p. 25; Pl.'s 2nd Am. Compl. Ex. D.)

A conspiracy claim brought under Section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the Court may not apply a heightened pleading standard to Plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the

---

[1] Plaintiff cites 18 U.S.C. §§ 241 in support of his argument. However, the federal government is responsible for enforcing these criminal provisions; they do not afford Plaintiff a private right of action for damages. See, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Ippolito v. Meisel, 958 F.Supp. 155, 167 (S.D.N.Y. 1997); Sordean v. United States, 1995 WL 86548, at *2 (N.D. Cal. Feb 24, 1995).

6

"[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 127 S.Ct. at 1965 (citations omitted).  A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted).  As such, a bare allegation that Defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under Section 1983.

A bare allegation is all Plaintiff has made.  He alleges no facts showing a meeting of the minds or the sharing of a common objective to commit an unlawful act between any of the Defendants.  Thus, this claim fails and is dismissed.  Amendment would be futile.

**C.    Due Process**

Plaintiff alleges that he did not receive a fair hearing before the disciplinary board. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S.

7

at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

"When prison officials limit a prisoner's right to defend himself they must have a legitimate penological interest." Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense). The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." Ponte v. Real, 471 U.S. 491, 495 (1985); see also Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996); Koenig, 971 F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir. 1987) (per curiam).

"[T]he requirements of due process are satisfied if 'some evidence' supports the decision of the hearing officer or the prison disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455 (1985); see also Toussaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989); Jancsek, III v. Oregon

bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987); Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt it may be unnecessary to demonstrate existence of liberty interest.). This standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . ." Hill, 472 U.S. at 455-56.

Plaintiff alleges that he was not allowed to present documentary evidence proving that CDCR did not have jurisdiction over him. He also states that he was removed from the hearing and it proceeded in his absence. Plaintiff does not state why the hearing was held, the outcome of the proceedings, or what precipitated his removal from the hearing other than his refusal to submit to a reading test. Further, he does not attribute the refusal to allow him to present documentary evidence to a named Defendant or show how he was harmed thereby. It appears to the Court that the hearing may have been held because of the incident in March; however, Plaintiff does not state this and the Court will not make the assumption. The Court also notes that the documentary evidence Plaintiff was attempting to present, Uniform Commercial Code documents regarding Plaintiff's alleged status as a secured party/creditor and superior title holder to his identification card, would have no relevance in a prison disciplinary proceeding.

Again, the Court finds that Plaintiff's allegations, without more, are insufficient to support a claim of denial of due process. Thus, the Court finds that amendment of this claim would be futile.

Plaintiff previously was notified of the relevant legal standards and the deficiencies in his prior complaint. His Second Amended Complaint contains no allegations that are

materially different from those in his previous complaint. Because Plaintiff's Second Amended Complaint again fails to state a claim, the Court will dismiss this claim without further leave to amend.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's Second Amended Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action, Plaintiff has filed three complaints and received substantial guidance once from the Court in its Screening Order. (ECF Nos. 1, 3, 10, & 11.) Even after receiving the Court's guidance, Plaintiff failed to make alterations or to include additional facts to address the noted deficiencies. Because of this, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore orders that further leave to amend not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, based on the foregoing, the Court HEREBY ORDERS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   March 1, 2011                      /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE